**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

In re:

CHRISTOPHER CODY SHIVER,                    CASE NO.: 11-50571-KKS
                                             CHAPTER: 13
    Debtor.
_____/

**MEMORANDUM OPINION OVERRULING DEBTOR'S**
**OBJECTION TO HANCOCK BANK'S CLAIM NO. 3 (DOC. 66)**

The issue here is whether a debtor whose confirmed Chapter 13 plan expressly extended the deadline for a certain creditor to file an unsecured deficiency claim can then have that creditor's claim disallowed on the basis that it was not timely filed. In some cases the court just has to say "no;" this is just such a case.

BACKGROUND

The facts are undisputed. The Debtor filed his petition for Chapter 13 relief, Schedules and Chapter 13 plan on the same day. His plan, which was never amended, was confirmed on May 2, 2012. The Debtor listed Hancock Bank in his Schedule D as having a claim of $225,385.00 secured by a lien on real estate, listed the "unsecured portion" of Hancock Bank's claim at $140,938.00 and listed the value of the property securing that claim at $84,447.00. The Debtor's Schedules and Chapter 13 plan stated that Hancock Bank's property would be surrendered. The Docket reflects that the Chapter 13 Plan and notice of confirmation were mailed to Hancock Bank at the address listed in the Debtor's Schedules. The confirmed Chapter 13 plan contains the following language, which is the crux of this case:

> 8. Property to Be Surrendered to Secured Creditor for which the creditor shall be entitled to file a deficiency claim:
>
> The Chapter 13 Plan which provides for surrender of secured collateral back to a creditor:

1

> …
> B. The secured creditor shall have ninety (90) days from confirmation of the Chapter 13 Plan to file an unsecured Proof of Claim regarding any deficiency balance that my occur upon the sale of the subject collateral if the collateral consists of real property that was not liquidated within the claims bar date period;
>
> C. The time periods provided above may be extended by Court Order upon the creditor filing a Motion showing circumstances that necessitate a need for a longer period of time;
>
> D. If no unsecured Proof of Claim is filed within the given time period and no Motion to Extend the Time is filed, the creditor will then be barred from filing an unsecured Proof of Claim.
>
> E. The Debtor(s) consent to the immediate termination of the automatic stay and surrender of collateral to the following creditors:
> …

Under this language the Debtor listed Hancock Bank, along with three other creditors, as the claimants to which this language was referring.[1]

Hancock Bank filed its first and only claim, Claim Number 3, on July 31, 2012, which was within the above quoted 90 day period set forth in the confirmed plan. Hancock Bank's filed unsecured claim is less than the Debtor originally scheduled; the Debtor scheduled the unsecured portion of Hancock Bank's claim at $140,938.00 and Hancock Bank's filed claim is in the amount of $125,905.35.[2]

Notwithstanding the plan language, the Debtor has objected to Hancock Bank's Proof of Claim on the basis that it is untimely under Bankruptcy Rule 3002. Hancock Bank asserts that the Debtor consented to its unsecured deficiency claim by including the above-quoted language in the Plan and that the plan has a res judicata effect and is binding on the parties. The Chapter 13 Trustee agrees with Hancock Bank that the confirmed plan is res judicata, and that Hancock

---

[1] This language derives from this Court's Local Rule 3002-1.

[2] Hancock Bank has not sold the property but has used an appraised value to determine the deficiency. Hancock Bank asserts this is an allowed process under 11 U.S.C. § 502(c)(1) which permits estimates when "any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case."

2

Bank's filed claim is timely. The Trustee also argues, in the alternative, that the Debtor, by including Hancock Bank's unsecured claim in his Schedules and plan, timely filed an informal claim on behalf of Hancock Bank. The Debtor has completed his plan payments to the Trustee.[3]

DISCUSSION

As the Debtor points out, Bankruptcy Rule 3002, together with Rule 9006(b)(3) and Code § 502(b)(9), generally prohibit the allowance of late claims in Chapter 13 cases and reflect Congress' intent to create an "absolute bar date" for filing claims. *In re Winters*, 380 B.R. 855, 858 (Bankr. M.D. Fla. 2007). In a Chapter 13 case, Rule 3002(a) requires that an unsecured proof of claim be filed in order for the claim to be allowed and paid through the Chapter 13 plan. "[F]ailure to timely file an unsecured proof of claim is fatal to a creditor receiving anything on account of such claim in a chapter 13 case." *In re Jackson*, 482 B.R. 659, 663 (Bankr. S.D. Fla. 2012).

Albeit not the prudent approach, Hancock Bank did not file a claim of any kind prior to the March 15, 2012 bar date set forth in the 341 Meeting Notice filed after the Debtor filed his plan.[4] If the Debtor's plan had not been confirmed, or if the plan did not include the block-quoted language, the absolute bar date would apply and the creditor here would be out of luck. Instead, from the very first day of the case the Chapter 13 plan written by the Debtor specifically provided for Hancock Bank to have (90) days post-confirmation within which to file an unsecured deficiency claim. Having had that very plan confirmed by Court order, the Debtor now argues that what he said in the plan was not what he meant: he argues that notwithstanding the

---

[3] The Trustee currently holds a surplus of $10,668.77. If the Debtor's objection is sustained, this amount would be refunded to the Debtor, resulting in the Debtor receiving a discharge and unsecured creditors receiving a total of $576.42 under the confirmed plan.

[4] The "prudent approach," as Judge Karen Jennemann points out in *In re George*, 426 B.R. 895, 901 (Bankr. M.D. Fla. 2010), is for a secured creditor who is uncertain of a deficiency to "file a bifurcated claim composed of a secured and unsecured portion or, in the alternative, the creditor should file a motion to value the collateral and obtain an order determining the amount of deficiency based on Section 506(a) of the Code."

3

precise language in the plan, what he really meant was that Hancock Bank had to file a claim by the bar date, and then file an amended claim within 90 days of confirmation. The Debtor's argument cannot succeed in the face of the confirmed plan and its res judicata effects.

The language of the Chapter 13 plan here is unambiguous and contains no requirement for Hancock Bank's unsecured deficiency claim to be preceded by or conditioned on a prior filed claim. Even if the plan language were ambiguous, as the Debtor argues, any ambiguity would be construed against the Debtor, as drafter of the document. *In re Woods*, 406 B.R. 293, 299 (Bankr. N.D. Ohio 2009) ("[I]t is also true that ambiguities in plan language must be construed against a debtor, as the drafter of the document."). It is fair to point out that the language in the Debtor's Chapter 13 plan at issue tracks this Court's Local Rule 3002-1A(2). That being the case, both the Debtor and Hancock Bank were well aware of the ability of an under-secured creditor to file a deficiency claim within 90 days after confirmation of the Debtor's plan. Had the Debtor intended, as he now alleges, that Hancock Bank would be required to file a claim prior to the general bar date of March 15, 2012, and then to file an *amended* claim within 90 days of confirmation, he could have said so in his plan; he did not.

The Debtor cites to *In re George*, 426 B.R. 895 (Bankr. M.D. Fla. 2010) and its analysis of other cases addressing creditors' attempts to amend claims post confirmation to seek a deficiency. In *In re George* and the cases it analyzed, the courts denied creditors the right to amend their claims post-confirmation to assert unsecured deficiencies unless they (1) had reserved that right in their original claims or (2) had provided timely notice that they would seek a deficiency claim. *See In re George*, 426 B.R. at 901 (sustaining debtor's objection to the creditor's amended claim finding that the claim was filed too late and did not relate back to the original claim as the creditor took no action to indicate that it intended to pursue a future deficiency claim); *In re Hibble*, 371 B.R. 730 (Bankr. E.D. Pa. 2007) (deficiency claim that creditor filed after the expi-

4

ration of claims bar date did not relate back to the original claim because the amended claim asserts an "entirely new matter"); *In re McBride*, 337 B.R. 451 (Bankr. N.D.N.Y. 2006) (deficiency claim was not allowable as an amended claim because creditor did not provide notice of a possible deficiency *and there was no provision in the plan contemplating a deficiency claim being paid on an unsecured basis*) (emphasis added); *see also In re Matthews*, 313 B.R. 489 (Bankr. M.D. Fla. 2004) and *In re Jackson*, 482 B.R. 659 (Bankr. S.D. Fla. 2012). Although the facts in these cases are distinguishable, the results are consistent with this Court's ruling. The key issue in these cases came down to whether or not the debtor had timely notice of the creditor's intent to seek an unsecured deficiency claim. Because in *In re George* and the other cases discussed above, the debtor did not have advanced notice of the creditor's likely deficiency claim, the debtors' objections to the deficiency claims were sustained.

In this case there is no doubt that the Debtor had notice of Hancock Bank's potential unsecured deficiency claim and the time within which Hancock Bank had to assert it. The Debtor's own Schedules listed the claim and his plan not only provided for the claim, but also specified when that claim was to be filed. In short, the Debtor's own pleadings left nothing for Hancock Bank to do but file its unsecured deficiency claim by the deadline set forth in the Debtor's plan.[5] The bankruptcy court in *In re George* left the door open for the situation here when it stated that the creditor in that case "could have filed a bifurcated claim, could have valued its collateral, *or could have otherwise let others know of its intention to seek an unsecured claim.*" *In re George*, 426 B.R. at 902 (emphasis added).

---

[5] Even the Debtor agrees that confirmed plans are essentially contracts that are blessed by the Court (Debtor's Memorandum of Law, Doc. 89, pg. 3). None of the cases that the Debtor cites had either a local rule or a confirmed plan that contain specific language, as we have here, providing a specific deadline for a specific creditor to file its deficiency claim.

The Debtor's strongest argument comes out of a case from the Seventh Circuit which held that the absolute bar date may not be circumvented either by the existence of a confirmed plan, or by the presence of equitable considerations. *In re Greenig*, 152 F.3d 631 (7th Cir. 1998). In *Greenig*, the Chapter 12 plan was confirmed prior to the expiration of the bar date for filing proofs of claims. The confirmed plan listed the creditor as having an allowed claim. The creditor, relying on the plan, let the bar date pass without filing a claim. A year after the bar date, the creditor moved to file a proof of claim and the debtors objected. The bankruptcy court overruled the debtors' objection and allowed the claim, finding that it was the debtors who "short-cut the claims allowance and process" and that the confirmed plan served as a final adjudication of the allowability of the creditor's claim. The district court reversed the bankruptcy court and the Seventh Circuit affirmed the district court, holding that a confirmed plan may be reversed if it is not in accord with the Bankruptcy Rules of Procedure. *Id.* at 635.[6] Unlike here, in *Greenig*, neither the plan nor the local rules of court contained language providing a different bar date for unsecured deficiency claims; nor did the creditor here wait a year before taking any action. *Greenig* not being binding or on all fours with the facts here, this Court turns to law in the Eleventh Circuit.

In *In re Bateman*, the Eleventh Circuit held that although a Chapter 13 plan erroneously provided for payment of an amount different from the mortgagee's proof of claim, the Chapter 13 confirmed plan was res judicata as to the claim. *In re Bateman,* 331 F.3d 821 (11th Cir. 2003). In *Bateman*, the creditor filed a timely proof of a secured claim in the amount of $49,178.80. The debtor did not object to the proof of claim but its plan listed the claim as "dis-

---

[6] Following *In re Greenig*, in *In re Baldridge*, 232 B.R. 394 (Bankr. N.D. Ind. 1999) the court, put simply, found that "[t]here is just no good substitute for filing a proof of claim." Although the debtors in that case included payments to an unsecured creditor in their plan and were asking the court to consider that as a proof of claim on the mortgagee's behalf, without that creditor filing a timely proof of claim, the court found that the binding nature of a confirmed plan was not sufficient to permit an unsecured creditor to receive a distribution. *Id.* at 396.

6

puted" and provided payment of only $21,600.00 on that claim. The creditor did not object to confirmation or attend the confirmation hearing. One year after the plan was confirmed the trustee noticed that the filed proof of claim did not match the amount provided for that creditor in the plan. It was only then that the debtor filed an objection to the creditor's proof of claim; the creditor responded by moving to dismiss the case. The bankruptcy court sustained the debtor's objection to the creditor's claim and denied the creditor's motion to dismiss. The district court and the Eleventh Circuit affirmed, ruling that the parties were bound to the terms of the Plan, as confirmed.

> In this bankruptcy appeal, we decide that a secured creditor cannot collaterally attack a confirmed Chapter 13 plan, even though the plan conflicted with the mandatory provisions of the bankruptcy code, when the secured creditor failed to object to the plan's confirmation or appeal the confirmation order.

331 F.3d at 822. The Eleventh Circuit succinctly stated that *Bateman* "pits the procedural requirements and substantive provisions of 11 U.S.C. §§ 502(a), 1322, and 1325 of the bankruptcy code against the *res judicata* effect of a confirmed plan under 11 U.S.C. § 1327." *Id.* at 825. In ruling that § 1327 gives *res judicata* effect to a confirmed Chapter 13 plan, the Eleventh Circuit, quoting a leading treatise, also stated: "for example, a creditor may not after confirmation assert that the plan … is otherwise inconsistent with the Code in violation of section 1322(b)(10) or section 1325(a)(1)." *Id.* at 829 (quoting 8 Collier on Bankruptcy, ¶ 1327.02[1][c] at 1327-5 (15th rev. ed. 2003)). The court went on to state that "[c]onfirmation of a Chapter 13 plan by a bankruptcy court of competent jurisdiction, in accordance with the procedural requirements of notice and hearing of confirmation, 'is given the same effect as any district court's final judgment on the merits.'" *Id.* at 830 (citations omitted).

The court in *In re Bateman* stated that the "creditor's proof of claim and the plan's listed distribution amount, however improper," was within the definition of claim preclusion (or issue

7

preclusion) because it might have and "should have" been presented to the bankruptcy court prior to confirmation. Had the creditor objected to or appealed from confirmation, the Eleventh Circuit explained, it would have prevailed "without question," but once the plan was confirmed, § 1327 bound the creditor to the provisions of the plan. *Id.* at 830.

Here, as in *Bateman,* if the Debtor wanted to object to the Creditor's claim or modify the language in his plan to require Hancock Bank to file an initial claim by the March 15 bar date, it could and should have done so prior to confirmation. However inconsistent the Debtor's plan language may arguably be with the absolute bar date for claims, once the plan was confirmed, 11 U.S.C. § 1327 bound Hancock Bank and the Debtor to the plan.[7] To hold otherwise under the facts in this case would create doubt in the minds of all parties as to the plan confirmation process. This concern was articulated by the bankruptcy court in *In re RCP Investments VI, LLC*, 2012 WL 5832427 (Bankr. M.D.N.C. 2012):

> Although the confirmed Plan contains provisions dealing with the manner in which the Debtor's real estate is to be liquidated, the Debtor now seeks to ignore the Plan and proceed under section 363(f). Having negotiated and agreed to the Plan treatment for [the creditor] and obtained confirmation of the consensual Plan of Liquidation, the Debtor is bound by the terms of the Plan and may not resort to…relief that is contrary to the terms of the Plan. Otherwise, the Plan is illusory and the confidence of creditors and other parties in interest regarding the [plan] process would be undermined.

*In re RCP Investments VI, LLC*, 2012 WL 5832427 (Bankr. M.D.N.C. 2012).

In support of allowance of Hancock Bank's claim the Trustee argues that the Debtor's schedules and plan rose to the level of an informal claim. The Trustee cites *In re Edelman*, 237 B.R. 146, 155 (9th Cir. BAP 1999) and asserts that the five factors one must prove to show an informal claim are present here: (1) presentment of a writing; (2) within the time for the filing of

---

[7] This result is echoed in the case of *In re Reid,* 480 B.R. 436 (Bankr. D. Mass. 2012), finding that a trustee was bound by the res judicata effect of a confirmed plan. The court stated that it is with the necessity of finality that a confirmed plan binds all parties. *Id.* at 444. Here, the Debtor would expect to have his plan binding on his creditors and hence, the plan is binding on him as well.

claims; (3) by or on behalf of the creditor; (4) bringing to the attention of the court; and (5) the nature and amount of a claim asserted against the estate.  The Court need not address this argument because the Court finds that Hancock Bank's claim was timely filed under the confirmed plan.

It is the specific facts of this case that are driving this Court's decision. Unlike the cases involving untimely filed proofs of claim, or amended claims filed long after confirmation and with no advance warning to the debtor, the Debtor here confirmed a plan that gave Hancock Bank until July 31, 2012 within which to file an unsecured deficiency claim, which it did.  The Debtor now seeks to use Rule 3002(c) as a sword to argue that the very claim provided for in his plan is untimely. The Debtor wrote and filed his plan, providing a specific time for Hancock Bank to file its deficiency claim, sent the plan to Hancock Bank and the other creditors, got it confirmed with no objections, and – deliberately or not – is essentially now saying "gotcha" to Hancock Bank for abiding by the terms of the confirmed plan.

It is ORDERED:  Hancock Bank filed its unsecured claim within ninety days post-confirmation as provided for in the plan.  Hancock Bank's unsecured claim is timely under the facts of this case.  The Debtor's Objection to Claim Number 3 is overruled, without prejudice to any objection as to the amount of said claim.

DONE and ORDERED in Tallahassee, Florida this 21st Day of December, 2012.

KAREN K. SPECIE
United States Bankruptcy Judge

cc:  all parties in interest

9